IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONALD SAMIER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CIVIL NO. 05-149-GPM ) |
| T. CLAIPER and DR. POWERS, | ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

Plaintiff, currently an inmate in the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he then filed a motion to waive his initial partial filing fee (Doc. 7). However, that fee has since been paid; thus this motion is **MOOT**.

This case now is before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in

fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and, thus, subject to summary dismissal.

Plaintiff alleges that, while he was in the Tamms Correctional Center, he began to experience a "light air hiss" in his left ear. He sought medical treatment for this problem; Defendant Powers prescribed ear wax remover and other ear drops to alleviate the problem. This treatment was not as successful as Plaintiff had hoped; the hissing sound continued. He spoke to Defendant Claiper about this condition; she advised him that there was nothing more they could do to treat the problem. Plaintiff asked for a consultation with an ear specialist, but that request was denied.

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994). This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition." *Estelle*, 429 U.S. at 106. *See also Jones v. Simek*, 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi*, 82 F.3d 175, 178 (7th Cir. 1996), *cert. denied*, 519 U.S. 897 (1996).

> Neglect of a prisoner's health becomes a violation of the Eighth Amendment only if the prison official named as defendant is deliberately indifferent to the prisoner's health – that is, only if he 'knows of and disregards an excessive risk to inmate health or safety.'

*Williams v. O'Leary*, 55 F.3d 320, 324 (7th Cir.), *cert. denied*, 516 U.S. 993 (1995); *see also Steele*, 82 F.3d at 179. Such is not the case here; the allegations clearly indicate that Plaintiff received treatment, albeit unsuccessful. Plaintiff is understandably disappointed with the results and believes

that Defendants could and should have tried other forms of treatment, but mere disagreement with a physician's chosen course of an inmate's medical treatment does not amount to deliberate indifference under the Eighth Amendment. *See Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996).

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED with prejudice**. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

DATED: 08/08/06

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge